**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NYcityVAN, LLC d/b/a MAN WITH A VAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 18-CV-6692** |
| ) | |
| **MUJAJI THOMAS a/k/a MUJAJI** ) | **COMPLAINT** |
| **SHAKHETE THOMAS a/k/a MUJAJI** ) | |
| **TOKUNBO and THE ORIGINAL MAN** ) | |
| **WITH A VAN LLC,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## NATURE OF THE ACTION

1.      Plaintiff NYcityVAN, LLC ("NYcityVAN") seeks injunctive relief, damages, and other relief against defendants for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the common law, federal unfair competition and palming off, false association, trademark and trade name dilution, false advertising, and deceptive acts and practices, for defendants' operation of an illegal enterprise using NYcityVAN's registered trademark MAN WITH A VAN, as alleged more fully below. Except for facts relating to NYcityVAN itself, all allegations made below are based on information and belief.

## PARTIES

2.      NYcityVAN d/b/a MAN WITH A VAN is a New York Limited Liability Company having its principal place of business in Philadelphia, Pennsylvania.

3.      Defendant Mujaji Thomas ("Thomas") is a nonresident alien also known as Mujaji Shakhete Thomas and Mujaji Tokunbo, who does business, and resides when visiting the United States, at 360 Bainbridge Street, Brooklyn, New York 11233 and 195 Plymouth Street, Suite 207, Brooklyn, NY 11201.

4.       Defendant The Original Man with a Van LLC ("TOMWV") is a New York Limited Liability Company, having a principal place of business at 360 Bainbridge Street, Brooklyn, New York 11233 or 195 Plymouth Street, Suite 207, Brooklyn, NY 11201.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1321 (Jurisdiction of Federal Courts under Lanham Act),  28 U.S.C. §§ 1331 (Federal Question) and 1338(a) and 1338(b) (trademarks and unfair competition). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

6.       This action further arises under 28 U.S.C. § 2201, and NYcityVAN seeks a declaration that the defendants, by using, and advertising under, the name "MAN WITH A VAN," have infringed NYcityVAN's federally registered and common law MAN WITH A VAN marks.

7.       This Court has personal jurisdiction over defendants because defendants committed tortious acts and transacted business within this District, including: (a) Defendants maintain a physical office in Brooklyn, New York from where defendants spend substantial time actively and continuously conducting and soliciting business from residents in this District, (b) Thomas resides in this District when visiting the United States, (c) Thomas maintains a website at www.manwithavan.net that actively and continuously solicits and commercially interacts with residents in this District, and that actively displays, disseminates, and promotes an infringing MAN WITH A VAN mark, as is more specifically alleged in the paragraphs, and Counts I and II, below, and (d) Thomas has filed a Cancellation Proceeding with the United States Patent and Trademark Office listing Brooklyn, New York as her residence, and therefore has further agreed

to personal jurisdiction of this Court by bringing and conducting a legal proceeding—including agreeing to have, and having, her deposition taken in July of 2018—in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Eastern District of New York; and the damage to NYcityVAN described in Counts I–IX below occurred and continue to occur in the Eastern District of New York.

## NYcityVAN'S "MAN WITH A VAN" TRADEMARK

9.      Beginning around 2010, NYcityVAN either directly or through a predecessor-in-interest adopted, and is and has been using in connection with its business, the service mark MAN WITH A VAN, both in stylized and word form.

10.     Since that time, NYcityVAN has continuously used and marketed its local and long-distance moving and storage service under the MAN WITH A VAN mark in New York, and in interstate commerce.

11.     NYcityVAN owns U.S. Service Mark Registration No. 4,781,529 for its MAN WITH A VAN trademark, attached as Exhibit A (first use as early as January 1, 2010; registered July 28, 2015) in connection with "*Delivery of goods; Furniture moving; Moving company services; Moving van services; Storage and delivery of goods; Transport and delivery of goods.*"

12.     NYcityVAN uses its MAN WITH A VAN mark throughout the United States, and specifically maintains offices in the New York City, Philadelphia, New Jersey, Washington, D.C., and Southern California Metropolitan areas.

13.     NYcityVAN intends to open offices in the near future in Raleigh, NC, Pittsburgh, PA, Fort Lauderdale, FL, and Austin, TX.

14.     In addition to holding a federally registered trademark, NYcityVAN owns common law rights to the use of the MAN WITH A VAN service mark.

15.     NYcityVAN uses its MAN WITH A VAN mark extensively in connection with its advertising and other promotional material via its website www.manwithavan.com,

16.     NYcityVAN has invested substantial effort, time, and money in marketing and advertising its moving services.

17.     NYcityVAN displays its MAN WITH A VAN mark on its moving trucks and vans.

18.     NYcityVAN's MAN WITH A VAN mark is valid and protectable, and exclusively owned by NYcityVAN.

19.     As a result of NYcityVAN's promotional and other activities, its MAN WITH A VAN mark has become well and favorably known to consumers throughout the New York City area, and the United States, signifying NYcityVAN's high-quality moving services. Thus, the MAN WITH A VAN mark has become uniquely associated with, and hence identifies NYcityVAN and its local and long-distance moving services, has become a valuable asset of NYcityVAN and a symbol of its goodwill, and has established secondary meaning.

## DEFENDANTS' ILLEGAL ENTERPRISE

20.     Beginning at some time in the past and continuing until the present, Thomas has operated an illegal enterprise purporting to provide moving services.

21.     In particular, Thomas has promoted and sold moving services without NYcityVAN's authorization using the identical MAN WITH A VAN name, which infringes and dilutes NYcityVAN's registered trademark, and is likely to cause confusion among consumers

about the source of her moving services and a false relationship between Thomas and NYcityVAN.

22.     In an attempt to avoid responsibility for her trademark infringement and unfair competition, in September 2016, Thomas petitioned the United States Patent & Trademark Office to cancel NYcityVAN's MAN WITH A VAN mark, claiming that she—as a "sole proprietor"—had used the mark before NYcityVAN, beginning in 2002.

23.     However, in a deposition taken of Thomas in July 2018, she changed her story to allege that she took over a moving business in 2015 from her estranged husband, Kellon Thomas ("KT"), who allegedly ran an illegal "MAN WITH A VAN" moving business between 2002 and 2014.

24.     Regardless, neither Thomas nor KT has made any lawful use of the MAN WITH A VAN mark at any time before, during, or after 2015.

25.     Any use Thomas or KT made of the mark in connection with her or his illegal enterprises was not lawful because, among other things:

        A.      Between 2002 and approximately June 2018 Thomas never sought nor obtained the required authorizations and licenses from the United States Department of Transportation (DOT) to offer interstate movement and transportation of household goods, in violation of 49 U.S.C. §§ 13901 and 13902, *et seq.*; and 49 C.F.R. §§ 385.301T, 390.201, and 390.19T, *et seq.*;

        B.      Thomas did not comply with applicable New York State Laws relating to obtaining a U.S. DOT number;

C.      Thomas did not comply with applicable New York State Laws relating to moving companies, including New York Transportation Law §§ 190-99 and 17 NYCRR Part 814;

D.      Thomas failed to register any business with the State of New York before August 2018;

E.      Thomas did not obtain the required Authority to Transport Household Goods from the New York State Department of Transportation;

F.      Thomas could not obtain such authority since she did not operate a bona fide office in New York State; she instead used and uses individuals in Uganda, the Philippines, and the country of Jamaica, to answer telephone calls and arrange moving appointments;

G.      Thomas did not obtain required unemployment insurance;

H.      Thomas did not obtain required worker's compensation insurance until 2018;

I.      Thomas did not obtain the required sales tax certificate of authority;

J.      At least until July 2018, and possibly as of the filing of this Complaint, Thomas failed to file a single United States tax return, or pay United States' income taxes, in connection with the illegal enterprise, in violation of 26 U.S.C. § 7203;

K.      At least until July 2018, and possibly as of the filing of this Complaint, Thomas failed to file a single New York State tax return, nor pay New York State income taxes, in connection with the illegal enterprise;

L.    At least until July 2018, and possibly as of the filing of this Complaint, Thomas failed to file a single New York City tax return, nor pay New York City taxes, in connection with the illegal enterprise;

M.    Although Thomas hired employees or contractors to perform moving services in connection with her illegal enterprise, she failed to report wages and make payments to the Internal Revenue Service and State and Local taxing authorities;

N.    Specifically, Thomas did not withhold Social Security and Medicare contributions from her employees, in violation of the Federal Insurance Contributions Act, make required filings with the Social Security Administration, or issue any Form 1099 to any contractor; and

O.    Thomas operated commercial vehicles transporting cargo and household goods across state lines without proper insurance and without adhering to a host of other requirements of the Federal Motor Carrier Safety Administration's Regulations, in violation of one or more provisions of 49 C.F.R. §§ 375.101 through 375.901, *et seq.*

26.    Before August 2018, Thomas, through her illegal enterprise, caused the transportation of cargo and household goods using vans and trucks, potentially rented, that did not display the MAN WITH A VAN mark.

27.    In or about August 2018, Thomas increased her infringing activity by placing infringing signage containing the MAN WITH A VAN mark on one or more transportation vehicles used by her illegal enterprise.

28.    On August 21, 2018, Thomas further increased her infringing activity by causing the formation of defendant The Original Man With A Van LLC, whose name is confusingly similar to NYcityVAN's MAN WITH A VAN mark.

29.    In August 2018, TOMWV applied to obtain a United States Department of Transportation number, which is required in order to operate a commercial vehicle hauling cargo in interstate commerce. In September, the Federal Motor Carrier Safety Administration assigned TOMWV a DOT number.

30.    However, after only one month, on October 24, 2018, the Federal Motor Carrier Safety Administration revoked TOMWV's U.S. DOT number.

31.    Since October 24, 2018 Thomas and TOMWV have operated without the required U.S. DOT number, in violation of Federal Law.

32.    Notwithstanding defendants' knowledge of NYcityVAN's ownership of the MAN WITH A VAN mark, defendants have passed off their MAN WITH A VAN services as NYcityVAN's much larger and better-rated moving service.

33.    For instance, as part of their promotional, marketing, and sales efforts, defendants maintain the website www.manwithavan.net, which has remained static and unchanged for almost 17 years.

34.    The website also fails to list either defendants' names, physical office location, or any other information to communicate with defendants (except via an email address, info@manwithavan.net), such as a phone number.

35.    On defendants' website, www.manwithavan.net, defendants falsely claimed for at least 16 years that "[a]ll of our employees are fully trained and have extensive knowledge of the moving industry." In fact, Thomas admitted in a deposition that "I didn't have employees" before 2018.

36.     On defendants' website, www.manwithavan.net, defendants claim that they "maintain highest quality standards in the moving industry." The statement is false and misleading. Thomas isn't even licensed to perform intrastate or interstate moves.

37.     On defendants' website, www.manwithavan.net, defendants claim that they are "NYC's #1 Small Moving Company!" The statement is false and misleading.

38.     Defendants' advertising through www.manwithavan.net is misleading because consumers searching for "man with a van moving company" see NYcityVAN's and defendants' companies next to each other, even though defendants have not been licensed to perform intrastate moving services in New York, or interstate moving services.

39.     Throughout their website, defendants repeatedly use the MAN WITH A VAN mark, which is intended to target and siphon consumers away from using NYcityVAN.

40.     Defendants' continued use of the MAN WITH A VAN mark is likely to cause consumer confusion, mistake, and deception.

41.     The identical use of MAN WITH A VAN has confused consumers and caused them to mistakenly conclude that the services offered under defendants' unauthorized MAN WITH A VAN mark are licensed or certified by, or otherwise sponsored or approved by NYcityVAN, or that defendants and their services offered under their unauthorized MAN WITH A VAN mark are somehow otherwise affiliated with, connected to, or directly offered by NYcityVAN. Consumers have been and are likely to be misled as to the true source, sponsorship, or affiliation of the MAN WITH A VAN mark.

42.     Through their use of the MAN WITH A VAN mark, defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

43.     The ongoing promotion and dissemination of the MAN WITH A VAN mark by the defendants are likely to lessen the capacity of the MAN WITH A VAN mark to distinguish services offered by NYcityVAN.

44.     Many customers that post negative ratings on Yelp.com for NYcityVAN, in fact, booked their services with defendants' moving services and confused the subpar services that they received from defendants for NYcityVAN's, but actually meant to post the poor reviews for defendants' illegal enterprise. This actual confusion has tarnished and continues to tarnish the reputation of NYcityVAN and the goodwill associated with its MAN WITH A VAN mark.

45.     As a result of defendants' actions as detailed in this complaint, defendants unfairly compete directly with NYcityVAN by providing identical services to many of the same customers serviced by NYcityVAN through similar if not identical channels, including but not limited to the Internet.

46.     Unless defendants' acts alleged above are restrained by this Court, NYcityVAN and the public will suffer irreparable injury for which there is no adequate remedy at law.

**COUNT I**
**(Trademark Infringement, 15 U.S.C. § 1114)**

47.     NYcityVAN repeats and realleges each allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48.     Use of the MAN WITH A VAN mark by defendants to promote, market, and sell services in direct competition with NYcityVAN's MAN WITH A VAN services constitutes service mark infringement under 15 U.S.C. § 1114.

49.     Defendants' infringement of the MAN WITH A VAN registered mark is intentional and willful.

50.      Defendants' infringement of the MAN WITH A VAN registered mark has caused and will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## COUNT II
### (Federal Unfair Competition and Palming Off (15 U.S.C. § 1125(a))

51.      NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 50 as if fully set forth herein.

52.      Defendants knowingly and in conjunction with services used in commerce, use words, terms, and names and combinations thereof in a false or misleading way and falsely and misleadingly represent defendants in a way that would suggest association or affiliation with NYcityVAN.

53.      In making the false and misleading representations as noted in the preceding paragraph, defendants' actions have or will cause confusion and have or will cause mistake and deceive as to the affiliation, connection or association of NYcityVAN and defendants as to the origin, sponsorship or approval of services between the parties, in violation of 15 U.S.C. § 1125(a).

54.      Defendants' actions by way of commercial advertising and promotion continue to misrepresent the nature, character, quality, and origin of defendants' services as being affiliated with NYcityVAN, in violation of 15 U.S.C. § 1125(a).

55.      Use of the MAN WITH A VAN mark by defendants to promote, market or sell services in direct competition with NYcityVAN constitutes unfair competition under 15 U.S.C. § 1125(a).

56.      Defendants' unfair competition is intentional and willful.

57.     Defendants' unfair competition has caused and will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## COUNT III
### (False Association – 15 U.S.C. 1125(a)(1)(A))

58.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 57 as if fully set forth herein.

59.     The Lanham Act, 15 U.S.C. § 1125(a)(1)(A) prohibits another person from using any word, term, name, symbol, or device, or any combination thereof, on or in connection with any goods or services which are likely to cause confusion or to cause a mistake, or to deceive as to the affiliation, connection, or association of such person with another person.

60.     Defendants' use of the infringing mark in conjunction with the advertising and sale of its services has caused and is likely to cause confusion, to cause a mistake, or to deceive the consuming public as to the affiliation, connection, or association of defendants' MAN WITH A VAN with NYcityVAN's MAN WITH A VAN service marks as set forth in this Complaint.

61.     Defendant Thomas has knowingly and intentionally committed and engaged in the infringement and other unlawful and tortious activities identified in this Complaint with respect to NYcityVAN's service mark since at least 2015, and TOMWV has done so since August 2018.

62.     Defendants have not obtained NYcityVAN's permission or consent to use the infringing MAN WITH A VAN mark in New York City or anywhere else.

63.     Defendants' actions in the use of the infringing marks have caused and will continue to cause NYcityVAN to suffer damage to its reputation and goodwill and a loss of sales and profits.

64.     Unless restrained and enjoined, defendants will continue to act unlawfully and continue to use the infringing mark, and NYcityVAN will continue to suffer irreparable damage.

65.     It would be difficult to ascertain the amount of compensation that would afford NYcityVAN adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.

66.     NYcityVAN's legal remedies fail to adequately compensate it for injuries sustained and threatened.

**COUNT IV**
**(Common Law Trademark Infringement)**

67.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 66 as if fully set forth herein.

68.     Defendants' acts complained of herein constitute trademark infringement in violation of the common law of New York.

69.     Defendants' common-law trademark infringement has caused and, unless enjoined, will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

**COUNT V**
**(Dilution of Trademark and Trade Name, N.Y. Gen. Bus. Law § 360-l)**

70.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 69 as if fully set forth herein.

71.     As alleged above, NYcityVAN's MAN WITH A VAN mark and trade name is distinctive.

72.     As alleged above, NYcityVAN's MAN WITH A VAN mark serves as a unique product identifier of NYcityVAN's services and has acquired a secondary meaning.

73.     Defendants, through their acts complained of herein, have linked NYcityVAN's MAN WITH A VAN mark and trade name to defendants' inferior quality services.

74.     Defendants have therefore diluted NYcityVAN's mark and trade name by tarnishing them, in violation of New York's Anti-Dilution statute, N.Y. Gen. Bus. Law § 360-l.

75.     Defendants' acts have caused and, unless enjoined, will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## COUNT VI
### (Common-Law Dilution of Trademark and Trade name)

76.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     Defendants' acts complained of herein have therefore diluted NYcityVAN's mark and trade name by tarnishing them, in violation of the common law's proscription against dilution.

78.     Defendants' acts have caused and, unless enjoined, will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## COUNT VII
### (False advertising under the Lanham Act, 15 U.S.C. § 1125(a))

79.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 78 as if fully set forth herein.

80.     Defendants' advertising of its service falsely and misleadingly conveys the impression that their illegal enterprise is instead a legitimate moving business.

81.     For example, defendants' advertising states: "All of our drivers and movers are certified professionals," which implies that every mover and driver employed or contracted by

14

defendants has been certified by a reputable third-party certification source or government agency.

82.     Defendants' employees and independent contractors have not been certified by any agency or outside body with respect to moving services.  Defendants' statement is therefore false and misleading.

83.     Defendants' advertising also states, "We offer an entire fleet of Vans and Trucks of all sizes!"

84.     In fact, defendants' illegal enterprise has at times owned a single vehicle, not a fleet, and now owns only two vans and no trucks.

85.     Defendants' advertising also states, "In order to make your move smoother, all of our crews are radio dispatched," which indicates that dispatchers maintain real-time radio communication with moving crews, when in fact that is not the case.

86.     Defendants' advertising also states, "We maintain highest quality standards in the moving industry," when, as indicated by the numerous complaints against defendants' business, that is not the case.

87.     Defendants' statements were false and materially misleading.

88.     Defendants false and misleading statements violated applicable regulations of the United States Secretary of Transportation, which require that household goods motor carriers engaged in the interstate transportation of household goods "publish and use only truthful, straightforward, and honest advertisements." 49 CFR § 375.207.

89.     Defendants' false and materially misleading statements injured the public, in that, among other things, the public relied on those statements in contracting with the defendants and suffered financial and other damages due to the falsity of those statements.

90.     Defendants' acts have caused and, unless enjoined, will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## COUNT VIII
### (False advertising, N.Y. Gen. Bus. Law § 350)

91.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 90 as if fully set forth herein.

92.     Defendants' false and misleading statements violate New York General Business Law § 350.

93.     Defendants' acts have caused and, unless enjoined, will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## COUNT IX
### (Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349)

94.     NYcityVAN repeats and realleges each allegation contained in Paragraphs 1 through 93 as if fully set forth herein.

95.     As alleged above, defendants' passing themselves off as a legitimate business instead of an illegal enterprise, and their trading on NYcityVAN's MAN WITH A VAN mark and name, threaten public health and safety in that defendants have not adhered to moving and transportation regulations designed to protect the public.

96.     Defendants, through their acts complained of herein, have engaged in deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349.

97.     Defendants engaged in those acts willfully and knowingly.

98.     Defendants' acts have caused and, unless enjoined, will continue to cause damage to NYcityVAN, including irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, NYcityVAN respectfully requests that the Court enter judgment as follows:

A.  In favor of NYcityVAN and against defendants on all of NYcityVAN's claims;

B.  That NYcityVAN's rights in and to the MAN WITH A VAN service mark are valid and enforceable, that defendants infringed NYcityVAN's service mark, that neither defendant made any lawful use of the mark prior to NYcityVAN's first use in interstate commerce, and that any uses that either defendant made of the mark were unlawful;

C.  That defendants willfully infringed NYcityVAN's rights by using the MAN WITH VAN mark;

D.  That defendants, their agents, servants, employees, officers, affiliates, attorneys, successors, assigns and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

    1.  Using the MAN WITH A VAN mark or any version thereof including THE ORIGINAL MAN WITH A VAN, in connection with the description, marketing, promotion, advertising, or sale of any moving services or cargo-transportation services, including shutting down the website www.manwithavan.net and transferring the domain to NYcityVAN;

    2.  Infringing the MAN WITH A VAN service mark owned by NYcityVAN; and

    3.  Advertising or promoting the name MAN WITH A VAN, including removing and destroying all signage and materials with the MAN WITH A VAN name.

E.  An award of damages for NYcityVAN, including, but not limited to, defendants' profits and NYcityVAN's actual damages;

F.  An award of treble damages for NYcityVAN as provided by Section 35(a) of the

Lanham Act, 15 U.S.C. § 1117(a);

G.  An award of attorney's fees and costs for NYcityVAN as provided by Section 35(a)

of the Lanham Act, 15 U.S.C. § 1117(a), and N.Y. Gen. Bus. Law § 349;

H.  That the defendants be directed to file with this Court and serve on NYcityVAN

within 30 days after the service of any restraining order or injunction, a written report, under

oath, setting forth in detail the manner and form in which defendants have complied with the

order or injunction; and

I.  Such other and further relief that the Court deems just and proper.

Dated: November 21, 2018                                LAW OFFICES OF SCOTT L. BAKER


                                                        By:  /s/Scott L. Baker
                                                             Scott L. Baker
                                                        200 Park Avenue South – Suite 1614
                                                        New York, New York 10003
                                                        (212) 758-2010

                                                        Axenfeld Law Group, LLC
                                                        2001 Market St. – Suite 2500
                                                        Philadelphia, PA 19103
                                                        (215) 422-3000
                                                        Attorneys for Plaintiff