UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
NYcityVAN, LLC d/b/a MAN WITH A VAN

                    Plaintiff,

   -against-

MUJAJI THOMAS a/k/a MUJAJI SHAKHETE THOMAS a/k/a MUJAJI TOKUNBO and THE ORIGINAL MAN WITH A VAN,

                Defendants.

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-6692-FB-PK

*Appearances:*
*For the Plaintiff*:
SCOTT L. BAKER, ESQ.
LAW OFFICES OF SCOTT L. BAKER
200 Park Ave. South, Suite 1614
New York, NY 10003

*For the Defendant*:
LAURENCE SINGER, ESQ.
1629 K. St. NW, Suite 300
Washington, D.C. 20006

**BLOCK, Senior District Judge:**

      NYcityVAN, LLC and Mujaji Shakhete Thomas ("Thomas") claim ownership of the trademark MAN WITH A VAN ("the mark"). NYcityVAN asks the Court to enjoin Thomas's use of its federally registered mark to promote her allegedly illegal moving business, The Original Man with a Van, LLC, and to award damages for infringement. In response, Thomas asserts a common law right to the mark based on prior use and asks the Court to cancel NYcityVAN's registered trademark. She further argues that NYcityVAN should be held liable for

1

infringing and diluting her common law mark, as well as for violating New York's unfair competition laws.

On December 12, 2019, NYcityVAN moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to dismiss Thomas's counterclaims. The motion urges the Court to adopt the Trademark Trial and Appeal Board's (TTAB's) "Unlawful Use Doctrine" (often referred to hereinafter as "the Doctrine") and hold that Thomas's "material" failure to comply with various laws and regulations prevents her from claiming trademark priority.[1] Notably, the Second Circuit Court of Appeals has yet to decide whether the Doctrine is a viable defense to a trademark infringement action and, if so, what would constitute a material violation under the Doctrine.

The Court heard oral argument on NYcityVAN's motion on November 13, 2020 ("Hrg"). Having carefully considered the parties' arguments, the Court holds, for the reasons that follow, that (1) persuasive authority from the Ninth and Tenth Circuit Courts of Appeals and sound policy arguments support applying the Unlawful Use Doctrine in federal court; (2) NYcityVAN should be allowed to

---

[1] The Unlawful Use Doctrine is a "policy of the PTO's Trademark Trial and Appeal Board [which holds] that use [of a mark] in commerce only creates trademark rights when the use is lawful." *See CreAgri, Inc. v. USANA Health Sciences, Inc.*, 474 F.3d 626, 630 (9th Cir. 2007) (collecting TTAB cases that apply the Unlawful Use Doctrine).

2

raise the Doctrine as a defense to Thomas's counterclaims; and (3) NYcityVAN has adequately shown that Thomas's use of the mark was materially unlawful. Therefore, NYcityVAN's motion for judgment on the pleadings is granted.

**I.**

NYcityVAN, LLC is a New York limited liability company that offers moving services. It initially registered with the New York Department of State in October of 2011 but offered services before that date. Thomas is the sole proprietor of The Original Man with a Van, LLC, a New York limited liability company which registered with the New York Department of State in August of 2018 but has offered moving services since 2002.

In December of 2014, NYcityVAN applied to register the trademark MAN WITH A VAN with the United States Patent and Trademark Office (PTO), claiming a "first-use" date of January 1, 2010. No opposition was filed, and the PTO approved the application on July 28, 2015. The mark was assigned number 4,781,529 and entered into the Principal Register in July of that year.

In September of 2016, Thomas petitioned the TTAB for the cancellation of NYcityVAN's mark, arguing that she had used the mark since 2002. In the course of the administrative proceeding, Thomas admitted the following under oath: (1) that the United States Department of Transportation (DOT) had not granted her a license to perform interstate moving services between 2002 and 2017; (2) that the

New York State Department of Transportation (NYDOT) did not grant her an "Authority to Transport Household Goods" certificate between 2002 and 2018; and (3) that she did not pay taxes associated with her business "other than taxes related to employees." ECF No. 15, Ex. 1. However, she denied the allegation that she "did not have a business license [in her own] name." *Id.* at 5.

On November 21, 2018, NYcityVAN filed this action. Thomas filed her cancellation counterclaim two months later. The TTAB suspended its administrative proceedings pending a final resolution of this action. *See Thomas v. NYcityVAN, LLC*, No. 92064480 (TTAB, Dec. 13, 2018).

## II.

"After the pleadings have closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, to "survive a motion to dismiss [under either Rule 12(b)(6) or Rule 12(c)], a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). When making this determination, the Court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the

4

court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (*quoting Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

### III.

The Unlawful Use Doctrine denotes a "policy of the PTO's Trademark Trial and Appeal Board [which holds] that use [of a mark] in commerce only creates trademark rights when the use is lawful." *CreAgri, Inc. v. USANA Health Sciences, Inc.*, 474 F.3d 626, 630 (9th Cir. 2007) (collecting TTAB cases that apply the Doctrine). Though the exact contours of the Doctrine are not yet settled, both the Ninth and Tenth Circuits have recognized it, [2] and the Ninth Circuit has held that it may be invoked to defeat a claim for cancellation of a trademark. *Id.* at 634; *see also United Phosphorus, Ltd v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (noting that "shipping goods in violation of federal law cannot. . . establish trademark rights" and citing TTAB opinions on unlawful use with approval). NYcityVAN asks the Court to reach a similar conclusion here and rule

---

[2] The Second Circuit has neither adopted nor rejected the Unlawful Use Doctrine. *See Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 192 F.3d 337, 350 (2d Cir. 1999) ("In affirming [the lower court's ruling], we have not considered, and we express no view regarding, the merits of the [unlawful use] defense").

5

that Thomas's failure to comply with various federal regulations defeats the claim of trademark priority on which her counterclaims are premised.

As a preliminary matter, the Court agrees with the Ninth Circuit that the Unlawful Use Doctrine serves the interests of consumers by prioritizing the trademark claim of a "diligent" vendor who complies with regulations over "a seller who rushes to market without taking care." *CreAgri*, 474 F.3d at 630. Like the Ninth Circuit, the Court believes that the Doctrine is consistent with the spirit of the Lanham Act and the common law of trademark since "to hold otherwise would. . . put the government in the anomalous position of extending the benefits of trademark protection to a seller based upon actions the seller took in violation of. . . [the] government's laws." *Id.*

Moreover, while the Second Circuit Court of Appeals has yet to take a position on the Unlawful Use Doctrine, the Court notes that Circuit Judge Chin wrote a thoughtful opinion applying the Doctrine during his time as a judge in the Southern District of New York. *See Dessert Beauty, Inc. v. Fox*, 617 F.Supp.2d 185, 190-91 (S.D.N.Y. 2007) (permitting parties to raise "unlawful use" as a defense to a cancellation claim). In that case, Judge Chin concluded that sound policy arguments support applying the doctrine in this circuit, because "the unlawful use defense—which has its origins in the common law doctrine of unclean hands—is a way of preventing the government from having to extend the

6

benefits of trademark protection to a seller who violates [its] laws." *Id.* at 190. Judge Chin's reasoning is convincing, and the Court joins him in applying the Unlawful Use Doctrine in the Second Circuit.

In light of the foregoing, the Court will adopt the TTAB's standard and find unlawful use where (1) a government agency or court previously found noncompliance with a federal law or agency rule; or (2) a *per se* violation of federal law has occurred. *Satinine Societa in Nome Collettivo Di S.A. e.M. Usellini v. P.A.B. Produits et Appareils De Beaute*, 209 U.S.P.Q. 958, 964 (TTAB 1981). Regardless of which route is chosen, the party alleging unlawful use must show that the other party's noncompliance was "material." This means it must be of "such gravity and significance that the usage [of the mark] must be considered unlawful," and there must be some "nexus" between the alleged regulatory violations and the use of the mark. *Dessert Beauty*, 617 F.Supp.2d at 190 (*citing General Mills, Inc. v. Health Valley Foods*, 24 U.S.P.Q. 2d 1270, 1274 (TTAB 1992)); *see also Satinine*, 209 U.S.P.Q. at 968 (setting out "nexus" requirement). The TTAB has stated that "the proofs submitted by the party charging noncompliance must leave no room for doubt, speculation surmise or interpretation" and be supported by "clear and convincing evidence." *Satinine*, 209 U.S.P.Q. at 965.

## IV.

Here, NYcityVAN relies on the Unlawful Use Doctrine to argue that Thomas's cancellation claim must be dismissed in light of her "*per se*" violation of, *inter alia*, 49 U.S.C. § 31334 (which requires interstate carriers to obtain a DOT number before operating in interstate commerce), 49 U.S.C. § 13902 (which requires a motor carrier to register with the DOT and receive a "motor carrier number"), various regulatory provisions enforced by the Federal Motor Carrier Safety Administration, the New York State Transportation Law, and federal tax laws. ECF No. 32 at 12-20. In support of these allegations, NYcityVAN cites Thomas's sworn statements in response to interrogatories propounded during the 2016 cancellation proceeding discussed above. *See* ECF No. 15, Ex. 1. It also cites online DOT records, which show that, as of February 11, 2019, Thomas's company, The Original Man With a Van, LLC, was not an authorized motor carrier and did not carry insurance. *See* ECF No. 15, Ex. 2.

Thomas does not dispute the substance of these allegations. *See* ECF No. 26 at 11 n.3 ("Defendants are not maintaining here that actual violations did not occur"). Indeed, Thomas's counsel conceded at oral argument that his client had operated an unlicensed moving business between 2002 and 2018. Hrg. at 3 (stating that Thomas's operation of an unlicensed moving business was "not in dispute"). As a result, the uncontested record reflects that, from 2002 until late 2018, The

8

Original Man With a Van, LLC, (1) operated without a DOT number in violation of 49 U.S.C. § 31134, (2) failed to register in the manner described in 49 U.S.C. § 13902 and (3) failed to obtain a New York State certificate of authority to transport household goods as required by Section 191 of the New York State Transportation Law. These *per se* violations of federal law clearly establish the first element of the Unlawful Use Defense, leaving only the issue of materiality for the Court to decide.

## V.

As explained above, a violation is material if it is of "such gravity and significance that the usage [of the mark] must be considered unlawful." *Dessert Beauty*, 617 F.Supp.2d at 190. To support its claim that Thomas's violations were "material," NYcityVAN cites TTAB cases which have found unlawful use based on violations of licensing rules, state vehicle codes and laws regulating interstate commerce. ECF No. 32 at 11-12 (listing types of statutory and regulatory violations found to support findings of unlawful use). NYcityVAN argues that these are analogous to Thomas's failure to comply with DOT registration requirements and New York State moving laws and regulations. In response, Thomas notes that the Unlawful Use Doctrine distinguishes between material violations and "those of a technical nature which may later be corrected," asserts that her own violations are corrigible, and argues that materiality is a fact issue that

9

should not be decided on a 12(c) motion. ECF No. 26 at 11 (*citing Dessert Beauty*, 617 F.Supp.2d at 193). At oral argument, Thomas's counsel clarified his third point, explaining that the Court should not rule on materiality until the parties conduct factfinding to determine "whether a violation impacts [or]. . . misle[ads] the public." Hrg. at 5.

Because the Second Circuit Court of Appeals has yet to opine on the efficacy of the Unlawful Use Doctrine, it necessarily has not had the opportunity to address the issue of materiality. Therefore, the Court must decide whether Thomas's pattern of admitted violations of federal law suffices to support a finding of "materially" unlawful use, or whether materiality requires a showing that Thomas's violations (1) cannot be corrected; and (2) have actually harmed the public.

Thomas's argument that only uncorrected violations can be material is without merit. Although there may be cases in which a party's efforts to correct a violation reduce its "gravity and significance," a violation does not become immaterial merely because it can be corrected. *See Dessert Beauty*, 617 F.Supp.2d at 190. Rather, to the extent that correctability is relevant, the proper inquiry is whether the party in question successfully corrected the alleged violations *before* the opposing party's claimed priority date. *See CreAgri,* 474 F.3d at 633 (finding materially unlawful use where "[a party] did not correct its labelling error before

10

the [opposing party's] priority date"); *cf. Dessert Beauty*, 617 F.Supp.2d at 193-94 (finding issue of fact on materiality where subsequently corrected labelling error did not affect "a large portion of [the] products" a defendant sold prior to the plaintiff's priority date). Because Thomas concedes that she did not even try to obtain a license until 2018—eight years after NYcityVAN's priority date— her violations are material.

Thomas's argument that NYcityVAN should be required to show that her failure to obtain a license actually "impacts" or "misleads" the public is marginally more persuasive. *See* Hrg. at 5. The crux of Thomas's argument is that, absent "complaints by the public" or other evidence of harm, it would be unfair to equate Thomas's failure to obtain movers licenses with the mislabeling of products for human consumption. *Id.* ("Your Honor, they weren't misleading anybody as [other cases] indicate [other parties] were in the Food and Drug Administration"). The caselaw does not, however, support imposing additional requirements in non-food and drug related cases. In *Nationstar Mortgage, LLC v. Mujahid Ahmad*, for instance, the TTAB determined that an applicant who "could not lawfully hold himself out as a mortgage broker, insurance broker or real estate broker at the time he filed [a trademark] application" could not make "lawful use" of a mark and had

11

"committed fraud on the [PTO]." 112 U.S.P.Q.2d 1361, 1373 (TTAB 2014).[3] Here, Thomas's failure to procure DOT and state moving licenses is analogous to the *Nationstar* respondent's failure to procure proper brokers licenses and is thus "materially" unlawful. If anything, Thomas's failure to comply with DOT requirements registration and licensing requirements is of greater "gravity and significance" than the violation at issue in *Nationstar*, since motor carrier regulations have a more immediate impact on public safety than do laws regulating mortgage and insurance brokers. *See* 49 U.S.C. § 31100 (stating that the purpose of DOT regulatory requirements is "to improve motor carrier, commercial motor vehicle and driver safety to support a safe and efficient transportation system"). The Court therefore finds that Thomas's abject failure to comply with licensing requirements intended to promote public safety is "material" even in the absence of a particularized showing of harm to the public.

Finally, the Court finds that there is a sufficient "nexus" between Thomas's failure to comply with DOT registration requirements and the use of her trademark. Just as the *CreAgri* court found a "nexus" between a "misbranded product and that

---

[3] *Nationstar* is not the only case to invoke the doctrine of unlawful use in relation to products or services not intended for human consumption. In *In re. Midwest Tennis & Track Co.*, 29 U.S.P.Q. 2d 1386, 1386 (TTAB 1993), the TTAB considered an unlawful use challenge to a mark used for an "athletic field and track surfacing system comprised of liquid, sprayable polyurethane" without reference to that violation's impact on the public.

product's name," the Court finds a "nexus" between an unauthorized service and a mark used to promote that service. *CreAgri,* 474 F.3d at 631-32. Thomas's cancellation counterclaim must therefore be dismissed.

## VI.

The Court's grant of judgment on Thomas's cancellation counterclaim compels a grant of judgment on her common law infringement, unfair competition and trademark dilution counterclaims. "[The] elements of a cause of action for New York common law infringement and for unfair competition mirror the requirements of claims stated under the Lanham Act and similarly require that a party demonstrate a valid, protectable mark and a likelihood of confusion." *Ritani, LLC v. Aghjayan*, 880 F.Supp.2d 425, 448 (S.D.N.Y. 2012) (*citing Tiffany (NJ) Inc. v. eBay*, 600 F.3d 93, 102 n.6 (2d Cir, 2010)). Further, "the general principles qualifying a mark for registration. . . are for the most part applicable in determining whether an unregistered mark is entitled to protection." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Accordingly, the Court must apply the "general principle" that the "use [of a mark] in commerce only creates trademark rights when the use is lawful" to this case and hold that Thomas's unlawful use of the MAN WITH A VAN mark does not give rise to a "valid and protectable mark." *CreAgri*, 474 F.3d at 630; *Sream, Inc. v. Superior Discount, LLC*, 2019 WL 2124887, at *5 (E.D. La May 15, 2019) (holding that the Unlawful Use Doctrine

applies "by analogy to the development of common law rights in unregistered trademarks").

Without a "valid and protectable mark," Thomas's remaining counterclaims have no basis. *Aghjayan*, 880 F.Supp.2d at 448 (noting that common law infringement and unfair competition claims "require a party [to] demonstrate [that they have] a valid, protectable mark"); *Allied Maintenance Corp. v. Allied Mech. Trades*, 42 N.Y. 2d 538, 545 (N.Y. 1977) (holding that "to merit protection [under the anti-dilution law], the plaintiff must *possess* a strong mark") (emphasis added). They must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, NYcityVAN's Motion for Judgment on the Pleadings to dismiss Thomas's counterclaims is GRANTED.

**SO ORDERED.**

                                                            _/S/ Frederic Block_____
                                                            FREDERIC BLOCK
                                                            Senior United States District Judge

Brooklyn, New York
November 19, 2020