UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                           :

NYCITYVAN, LLC.,                              :        **REPORT AND**
                           Plaintiff,           :        **RECOMMENDATION**
                                                          :

                 -against-                   :        18-CV-6692 (AMD)(PK)
                                                          :

MUJAJI THOMAS AND THE ORIGINAL MAN:
WITH A VAN LLC,                        :
                                                         :
                         Defendants.    :
--------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

       NYcityVAN, LLC ("Plaintiff") filed this action against Mujaji Thomas and The Original Man with a Van LLC ("TOMWV") (collectively "Defendants") for trademark infringement and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and related charges under common law and New York General Business Law §§ 360-l, 350, 349, for Defendants' use of the trademark "MAN WITH A VAN." (Compl., Dkt. 1.)  In light of Plaintiff's repeated failures to comply with the Court's orders and its failure to prosecute this case, I respectfully recommend that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

       Plaintiff filed the Complaint on November 21, 2018. (*See* Compl.) On January 22, 2019, Defendants filed an Answer and Counterclaims, asserting a common law right to the trademark based on prior use, asking the Court to cancel Plaintiff's registered trademark, and arguing that Plaintiff should be held liable for infringing and diluting its trademark and for violating New York's unfair competition laws. ("Answer," Dkt. 11.)

       In February 2019, the case was referred to mediation, which was unsuccessful. (*See* Order Referring Case to Mediation dated Feb. 27, 2019; Scheduling Order dated Apr. 24, 2019.)  Plaintiff

1

then moved for partial judgment on the pleadings, seeking dismissal of the counterclaims (*see* Dkt. 31), and the Honorable Frederic Block granted the motion. (Memorandum and Order dated Nov. 19, 2020, Dkt. 34.)

On July 23, 2021, Defendants' attorney filed a motion to withdraw as counsel. (Dkt. 37.) The Court granted the motion, to take effect on August 13, 2021 and ordered Defendants to obtain new counsel by September 20, 2021. (Minute Entry and Order dated Aug. 6, 2021.)

On October 5, 2021, Plaintiff's attorney, Scott L. Baker, filed a motion to withdraw as counsel due to a conflict of interest that had arisen. (Dkt. 39.) A hearing was held on the motion, at which Paul Kennedy, the managing member of Plaintiff, was present. (Minute Entry dated Oct. 25, 2021.) Baker was directed to discuss the conflict with Kennedy and file any documents relevant to the conflict by October 26, 2021. (Minute Entry dated Oct. 25, 2021.)

On October 28, 2021, the Court held a conference at which Baker, Kennedy, and Defendant Thomas were present. (*See* Minute Entry dated Oct. 28, 2021.) Baker's motion to withdraw as counsel was granted and Plaintiff was directed to retain new counsel no later than December 10, 2021. (*Id.*) Baker provided the Court with Kennedy's email address and phone number. Plaintiff was instructed that as a corporation, it was required to appear through counsel.[1] (*Id.*) A status conference was scheduled for January 6, 2022. (*Id.*)

Neither Plaintiff nor Defendants appeared at the status conference. (Minute Entry and Order dated Jan. 6, 2022, Dkt. 42.) The Court issued an Order directing Plaintiff to obtain counsel by February 3, 2022 and informing Plaintiff that if it failed to obtain counsel the case would be dismissed. (*Id.*) Defendant Thomas was also reminded that the corporate Defendant must appear through counsel or it would be in default. (*Id.*)

---

[1] The Court erroneously stated in its Minute Entry that Plaintiff would be found in default if it did not obtain counsel. (*See* Minute Entry dated Oct. 28, 2021.)

At the February 3, 2022 status conference, Kennedy appeared and stated that Plaintiff had not retained counsel and requested an additional 30 days for Plaintiff to do so. (Minute Entry and Order dated Feb. 4, 2022.) The Court granted Plaintiff's request and warned Kennedy that "failure to retain new counsel by March 4, 2022 will result in a recommendation of dismissal of this action for failure to prosecute." (*Id.*) The Court scheduled a status conference for March 11, 2022. (*Id.*)

Counsel did not file a notice of appearance for Plaintiff by the March 4, 2022 deadline.

On March 11, 2022, neither Plaintiff nor Defendants appeared for the conference. (Order to Show Cause dated Mar. 11, 2022.) The Court tried to contact Kennedy by telephone, but there was no answer, and the Court left a voice message. (*Id.*) Plaintiff did not contact the Court.

The Court issued an Order to Show Cause directing Plaintiff to show cause by March 19, 2022 why the case should not be dismissed for lack of prosecution. (*Id.*) The Court warned Plaintiff that if it did not show good cause, the Court would recommend that the matter be dismissed for lack of prosecution. (*Id.*) Copies of the Order were emailed to Plaintiff and mailed to Defendants. (*Id.*)

The mail sent to Defendants was returned as undeliverable. (Dkts. 43, 44.) The email sent to Kennedy was not returned.

Plaintiff did not respond to the Order to Show Cause.

## **DISCUSSION**

Pursuant to Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even without a motion by defendants, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "Courts have repeatedly found that 'dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives.'" *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG)(MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL

5061112 (E.D.N.Y. Sept. 16, 2016) (quoting *Robinson v. Sposato*, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014)).  When a district court contemplates a dismissal under Rule 41(b), it must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "[N]o one factor is dispositive."  *Nita v. Conn. Dep't of Env't. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

After Plaintiff's counsel Baker was permitted to withdraw as counsel, Plaintiff was ordered three times to obtain counsel, on October 28, 2021, January 6, 2022, and February 3, 2022.  Plaintiff did not do so.  Although Plaintiff's managing member Kennedy appeared at a conference on February 3, 2022, he is not a lawyer and may not appear on behalf of a corporation.

The Court has repeatedly warned Plaintiff's representative personally or via email transmission of the Court's order that if it did not appear through counsel, the Court would recommend that the case be dismissed.  (*See* Docket Orders dated Jan. 6, 2022 and Feb. 4, 2022.)  The Court also gave Plaintiff an opportunity to show cause why this matter should not be dismissed for lack of prosecution.  (Order to Show Cause dated Mar. 11, 2022.)  Plaintiff did not retain new counsel and has not responded to the Order to Show Cause.

This case has been pending against Defendants for over four years.  Plaintiff has been without counsel since October 28, 2021.  Despite the numerous deadlines set by the Court for Plaintiff to obtain new counsel, it has not done so.  Plaintiff has given no indication that it intends to obtain new

counsel or when. Thus, Defendants will likely be prejudiced by further delay.[2] *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed . . . .").

Balancing the Court's interest in managing its docket against any interest Plaintiff may have in receiving further opportunities to be heard weighs in favor of dismissal. The Court has given Plaintiff multiple opportunities to continue litigating this case, but Plaintiff's representative has stopped appearing, even to request more time to retain counsel. It would be in the Court's interest to dismiss a case that has been pending for over four years in which Plaintiff has stopped appearing or communicating with the Court. There is also no sanction short of dismissal that would be effective to address Plaintiff's non-appearance.

Accordingly, I respectfully recommend that this case be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Complaint be dismissed with prejudice. Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
December 19, 2022

---

[2] Although Defendants have also failed to appear, Plaintiff never requested that they be found in default.

5