UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**NYCITYVAN, LLC**,                                           :
                                                              :
                Plaintiff,                  :   **ORDER ADOPTING REPORT**
                                                              :   **AND RECOMMENDATION**
         – against –                                  :
                                                              :   18-CV-6692 (AMD) (PK)
                                                              :
**MUJAJI THOMAS** and **THE ORIGINAL MAN**                    :
**WITH A VAN LLC**,                                           :
                                                              :
                Defendants.                 :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On November 21, 2018, the plaintiff filed this action alleging trademark infringement and false advertising under the Lanham Act, 15 U.S.C. §1501, *et eq.*, and asserting related causes of action under common law and New York General Business Law §§ 360-1, 350, 349.  (ECF No. 1.)  On January 22, 2019, the defendants filed an answer and asserted common-law and state-law counterclaims.  (ECF No. 11.)  On February 27, 2019, the Honorable Frederic Block referred the case to mediation, but the parties did not reach an agreement.[1]  (*See* ECF entries Feb. 27, 2019, Apr. 24, 2019.)  The plaintiff then moved for partial judgment on the pleadings seeking dismissal of the defendants' counterclaims.  (ECF No. 31.)  Judge Block granted the motion on November 19, 2020.  (ECF No. 34.)

On October 5, 2021, the plaintiff's attorney moved to withdraw as counsel.  (ECF No. 39.)  Magistrate Judge Peggy Kuo granted the motion on October 28, 2021, and instructed the plaintiff to retain new counsel no later than December 10, 2021, since the plaintiff, a business entity, was required to appear through counsel.  (ECF entry Oct. 28, 2021.)

---

[1] The case was reassigned to me on October 6, 2021.  (ECF entry Oct. 6, 2021.)

On January 6, 2022, neither the plaintiff nor defendants appeared for a status conference before Judge Kuo. (*See* ECF No. 42.) Judge Kuo directed the plaintiff to obtain counsel by February 3, 2022, and warned the plaintiff that its case would be dismissed if it did not retain counsel. (*Id.*) On February 3, 2022, the plaintiff's managing member, Paul Kennedy, appeared and asked for 30 days to retain counsel. (ECF entry Feb. 4, 2022.) Judge Kuo granted the request but warned Kennedy that "failure to retain new counsel by March 4, 2022 will result in a recommendation of dismissal of this action for failure to prosecute." (*Id.*)

No counsel filed a notice of appearance for the plaintiff before March 4, 2022, and neither party appeared at a March 11, 2022 conference. (ECF entry Mar. 11, 2021.) Judge Kuo was unable to reach Kennedy by telephone and issued an order directing the plaintiff to show cause by March 19, 2022, why the case should not be dismissed for lack of prosecution. (*Id.*) To date, the Court has not received any communication from the plaintiff's representatives.

On December 19, 2022, Judge Kuo issued a report and recommendation in which she recommended that the complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 48 at 1.) Judge Kuo concluded that dismissal was appropriate because the plaintiff did not comply with three orders to obtain counsel, and because the plaintiff's representatives had stopped appearing, even though Judge Kuo gave the plaintiff multiple opportunities to continue litigating its case. (*Id.* at 4-5.) Judge Kuo pointed out that the case had been pending for over four years, and that the plaintiff, an LLC, had been without counsel for over a year. (*Id.* at 4.) No objections have been filed to the report and recommendation, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those

portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

## CONCLUSION

I have reviewed Judge Kuo's comprehensive report and recommendation and find no error. Accordingly, I adopt the report and recommendation in its entirety. The complaint is dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       January 6, 2023